# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM LAWRENCE, et al. | CASE NO. 1:25-cv-01454-PAB |
| Plaintiffs, | JUDGE PAMELA A. BARKER |
| vs. | |
| NVR, INC. | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT NVR, INC.'S MOTION TO DISMISS** |
| Defendant | |

Plaintiffs William and Victoria Lawrence respectfully request that this Court deny Defendant NVR, Inc's Motion to Dismiss Plaintiffs' Complaint. The Motion to Dismiss fails for at least two reasons. First, Defendant's "contractual limitations clause" is unreasonable, because it acts to limit Plaintiffs' claims, even before Plaintiff could learn of claims or learn of the cause of the claim. Second, the clause is unreasonable because it goes directly against Ohio's public policy of protecting consumer homeowners who contract with home construction service suppliers like NVR, and NVR drafted this limitations clause to avoid liability under that statute and that line of public policy. Enforcement of the clause would require Plaintiffs to file a claim against Defendant for a latent defect of which Plaintiffs were not aware. Such a result would allow NVR to unreasonably limit its duty to construct homes in workmanlike manner, a duty that is imposed by law in Ohio. The clause acts as a waiver of the duty to build in a workmanlike manner, which is also a violation of Ohio's Home Construction Service Suppliers Act.

Moreover, Plaintiffs did put Defendant on notice of issues with the home within the one-year period, but due to Defendant's lackluster response and failure to discover the cause of the water intrusion, the limitation period ran before Plaintiffs could determine by themselves the cause of the issue. Now Defendant appears to be stating that, if it is put on notice of a claim, and if it

offers a solution (even if that solution does not solve the problem) then Defendant is still absolved of liability once the arbitrary one-year period runs. Reading it in a sentence shows just how absurd that argument really is. NVR's "Contractual Limitations Clause" in this case where the defect is not discovered during the limitations period is just a clever attempt by Defendant to shirk its duty to construct homes in workmanlike manner, a duty that is imposed by law in Ohio.

## I.      The one-year limitation clause is unreasonable.

It should first be noted that the test used by Ohio courts in determining the validity of a contractual limitations period such as the clause used in this case consists of the factors mentioned by Defendant on pp. 6-7 of its brief (see *Universal Windows* test), but the test also includes a test to determine whether the contractual limitations period is against public policy. See *Miller v. Progressive Cas. Ins. Co.*, 69 Ohio St.3d 619, 624 635 N.E.2d 317 (1994); see also *Fayak v. Univ. Hosps.*, 8th Dist. Cuyahoga No. 109279, 2020-Ohio-5512, ¶ 18, citing *Kraly v. Vannewkirk*, 69 Ohio St. 3d 627, 632, 635 N.E.2d 323, 327 (1994). The reasonableness and public policy elements of this particular test are extremely important in this case. Plaintiffs do not contest that the contractual limitations period was clear, because as Defendant pointed out, the provision appears in bold print, etc. That being said, bold print is not the only requirement for a provision such as this.

While it is true that the Ohio Supreme Court and Ohio courts have found that contractual limitations period are reasonable in certain circumstances (insurance agreements, as in the *Colvin* case cited by Defendant, or the change order process between a commercial subcontractor and commercial general contractor, as in the *R.E. Holland* case cited by Defendant, or in the context of commercial businesses that entered into a dealer agreement with one another, as in the *Universal Windows* case cited by Defendant, or in the case of punch list work that was known to both parties at the time of closing, as in the *Amos* case cited by Defendant), it is also true that Ohio courts have

not fully wrestled with the issue of whether a limitation clause, which acts as a waiver of a general contractor's duty to build in a workmanlike manner and a waiver of claims for latent defects that are not discoverable within the limitations period is reasonable.

In fact, through much research, Plaintiff has only been able to unearth a line of cases, stemming from New York, that are on point to this particular motion to dismiss. Since arbitration agreements are often involved with cases such as these, the particular analysis of a given case is often hidden from the public. In this case, Defendant must have been confident enough to waive the arbitration provision in favor of a decision from this Court as to whether its contractual limitations period is unreasonable, which makes this Court's decision that much more important for homeowners in Ohio and elsewhere who will be looking to this case for guidance.

The closest Ohio cases are *Conte v. Blossom Homes, LLC*, 2016-Ohio-7480, 63 N.E. 3d 1245 (Eighth App. Dist. No. 103751) and the *Holland Excavating* case cited by Defendant. Unfortunately, *Conte* largely dealt with the enforceability of an arbitration provision, so the limitations period analysis is limited. Though the *Conte* court still had a brief time to wrestle with a similar contractual limitations period. In its review, the *Conte* court poignantly noted that the majority of contractual limitations period cases in Ohio deal with insurance agreements, rather than residential construction agreements, and "[w]hat is reasonable in the context of an automobile insurance policy may not be reasonable in a construction case, where defects may be latent." *Conte*, supra at ¶ 39.

The *Conte* court then cited a New York case, which included the statement that "A 'limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim." Conte, ¶ 40, citing *Executive Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 5 N.E.3d 989, ¶ 4, 2014 NY Slip Op 898 (2014), citing *Continental Leather*

3

*Co. v. Liverpool*, Brazil & River Plate Steam Navigation Co., 259 N.Y. 621, 622-623, 182 N.E. 207 (1932). As stated by another court examining the *Conte* and *Executive Plaza* cases, "[a] contract can reasonably reduce the time period to file a claim; it cannot eliminate it." *Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 349 (N.D.Ind.2021).

Since the *Conte* case only dealt with arbitration, the above discussion remained in dicta, but the discussion, and the court's view on the differences between residential construction contracts and other contracts, is extremely important and relates directly to this case.

This discussion is also important because the *Amos* case prominently cited by Defendant did not turn on latent defects. *Amos v. NVR, Inc.*, No. 1:19-CV-719, 2022 WL 980676. In *Amos*, the central claims made by the homeowner were all known either at the time of closing, or fairly immediately afterward, and the claims all related to "punch list" type work, not latent defects. *Id.* at p.2. Thus, the *Amos* decision stands for the proposition that in a case involving punch list type work that is open, obvious, and readily observable, a one-year limitation of actions period is reasonable. But the *Amos* court never applied a limitations period to latent defects, which is what this case is about, so the *Amos* case is distinguishable from the facts of this case.

**A. The one-year limitation clause is unreasonable in this case as the defect was not fully discovered until after the expiration of the limitations period**

As stated by the *Executive Plaza* court, "[t]he problem with the limitation period in this case is not its duration, but its accrual date." In declaring that *all* claims are limited to one year from the date that the homeowners get their keys, Defendant is attempting to contract away any duty to handle latent defects such as the defect discovered in this case nearly two and one-half years after the limitations period expired. It is simply unreasonable in this case to ask Plaintiffs to

conduct exhaustive sub-surface investigations to make sure that NVR did not improperly sever an underground drain from a nearby detention pond causing flooding of the Plaintiffs' basement.

The implied duty to perform in a workmanlike manner is explained in the Ohio Supreme Court's decision in *Jones v. Centex Homes*, 132 Ohio St.3d 1, 2012-Ohio-1001, 967 N.E.2d 1199:

> A duty is imposed by law upon a builder-vendor of a real-property structure to construct the same in a workmanlike manner and to employ such care and skill in the choice of materials and work as will be commensurate with the gravity of the risk involved in protecting the structure against faults and hazards, including those inherent in its site. If the violation of that duty proximately causes a defect hidden from revelation by an inspection reasonably available to the vendee, the vendor is answerable to the vendee for the resulting damages.

*Id*. at ¶ 6. "In a construction contract, a breach of the implied duty to perform in a workmanlike manner constitutes a breach of the contract." *Yashphalt Seal Coating, LLC v. Giura*, 7th Dist. Mahoning No. 18 MA 0107, 2019-Ohio-4231, ¶ 18.

If Defendant's limitations period clause is allowed to stand, then the duty to build in a workmanlike manner vanishes, and homeowners are left without any protection when building a home, aside from vast additional expense after building, in the form of hiring inspectors and other professionals to assess the construction performed by the builder. For those reasons, a limitations clause such as this one, which doesn't just limit the time to bring a claim, but also limits the accrual period, must be determined to be unreasonable and unenforceable, which means that Defendant's motion to dismiss should be denied.

5

**B. The one-year limitation clause in this case is against public policy, as it acts as an unlawful and unenforceable waiver of the duty to build in a workmanlike manner, by unreasonably limiting claims under the HCSSA based on latent defects.**

In addition to being unreasonable, the clause violates Ohio's public policy of protecting consumers who enter into contracts for home construction. Notably, in addition to the Supreme Court of Ohio, the Ohio legislature has also codified the duty to build in a workmanlike manner (thereby codifying Ohio's public policy towards residential construction).

Ohio's Home Construction Service Suppliers Act makes it a violation of the act for a home construction service supplier such as NVR to, "after entering into a contract with an owner … fail to perform the home construction service in a workmanlike manner." R.C. 4722.03(A)(3)(d).

The HCSSA goes on to state, as Plaintiffs stated in their Complaint, that it is a violation of the act to "[m]ake the performance of any home construction service contingent upon an owner's waiver of any rights this chapter provides." R.C. 4722.03(A)(4). This is exactly what the contractual limitations clause relied on by NVR seeks to do. The limitations clause, which is contained in a contract that Plaintiffs are required to sign in order to build with NVR (i.e. contingent), purports to have Plaintiffs waive their right to have the home built in a workmanlike manner, by limiting the time period for accrual of Plaintiffs' claims and thereby eliminating those claims altogether. So in addition to being unreasonable, the clause in question violates Ohio's public policy, again making the clause unlawful and unenforceable.

It would be a curious case indeed if the Ohio legislature and the Supreme Court of Ohio concluded that the duty to construct homes in a workmanlike manner could not be waived *unless you simply shortened the timeframe to bring actions.*

6

**C. Plaintiffs' initial complaints related to water intrusion were within the contractual limitations period.**

The *Holland Excavating* court agreed with the *Conte* principle, finding that a limitation provision that creates a situation where the provision cannot be complied with in the time provided by the contract is unreasonable. *R.E. Holland Excavating, Inc. v. Board of County Commissioners*, 133 Ohio App. 3d 837, 729 N.E. 2d 1255, Montgomery App. No. 17633 (1999). *Holland* was a case dealing with a 60-day limitation of the time to bring a claim in court, once the initial claim was denied by the engineer. However, the case also involved a 60-day time limit to provide a notice of costs for unforeseen work on the site. The *Holland* court held that "we are inclined to the view that the sixty-day limitation period for filing a notice of costs was unreasonably short." *Id.*, at 843. The court had this view because the actual scenario that played out in the case "involved an ongoing long-term event," and the subcontractor "could not comply with the notice provision within the time provided for in the contract."

The same is true of Plaintiffs' case. Plaintiffs' first complaints regarding water intrusion were within the contractual limitations period, similar to the subcontractor in *Holland*. See Complaint, ¶ 14. However, it took many more months, until after the one-year limitations period, for Plaintiffs to adequately diagnose the problem (since NVR offered little to no help in diagnosing or repairing the problem, likely because it knew it could rely on its own limitations clause if and when Plaintiffs made a claim). In essence, as the *Holland* court said, when it comes to a latent defect such as the defect in this case, Plaintiffs simply could not comply with the provision within the time provided, because it involved an ongoing, long-term event.

Defendant is likely to argue that Plaintiffs still have a remedy, i.e. the warranty provision, but the warranty claims alone are insufficient when Ohio has codified the HCSSA. Allowing NVR to escape the reach of the HCSSA, by dismissing all of Plaintiffs' claims other than the warranty

7

claims would fundamentally prejudice Plaintiffs, and it would undercut and undermine Ohio public policy, as stated above.

This gets to another fundamental issue at play with this case, the lack of a response by NVR to a claim made. If NVR's provision is allowed to stand, then it is a signal to contractors that, even if homeowners make claims within the time period called for by the contract, all you have to do is wait them out, and then you can deny the claims to your heart's content, and the homeowners have zero recourse under the HCSSA. This appears to be the slipperiest of slopes and could lead to a situation where Ohio law is rendered moot, and Ohio consumers and homeowners are deserted by the very laws that are supposed to be protecting them. That simply cannot be the case.

## II.      Conclusion.

Defendant's one-year limitation clause is unreasonable for multiple reasons. First, it is unreasonable in time because many latent defects claims would not even accrue before the time period runs. It is also unreasonable because it upends Ohio's public policy of protecting consumers like Plaintiffs. Lastly, it is unreasonable because Plaintiffs made their claim within the time period, but NVR is treating Plaintiffs as if they did not. For those reasons, the motion to dismiss should be denied.

Respectfully submitted,

*/s/Michael R. Fortney*
Michael R. Fortney (#0092325)
FORTNEY LAW, LLC
300 Weatherstone Dr. #303
Wadsworth, OH 44281
(330) 619-8502
mike@ohiolienlawyer.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2025, a copy of the foregoing was submitted for electronic filing. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Clerk of Courts' E-Filing System.

/s/Michael R. Fortney_____
Michael R. Fortney #0092325