**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE, et al. | ) |
|     Plaintiffs, | ) CASE NO.: 1:25-cv-01454-PAB |
| v. | ) JUDGE PAMELA A. BARKER |
| NVR, INC. | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| | ) DEFENDANT NVR, INC.'S MOTION |
|     Defendant. | ) TO STAY DISCOVERY |

**I.  PRELIMINARY STATEMENT**

Defendant NVR, Inc. ("NVR") respectfully moves to stay discovery in this case until the Court resolves NVR's pending Rule 12(b)(6) motion to dismiss, or at least until the Court conducts a case management conference pursuant to the process outlined in Fed. R. Civ. P. 16(b) and 26(f) and Local Rule 26.1. NVR's motion is brought pursuant to Rule 26(d), precipitated by the attempt of Plaintiffs William and Victoria Lawrence ("Plaintiffs") to unilaterally (and prematurely) initiate Civil Rules discovery. Although NVR asked Plaintiffs to agree that discovery would be held in abeyance based on the Civil Rules and because the Motion to Dismiss is pending, Plaintiffs have not agreed to that request, necessitating the instant motion.

A stay of discovery is warranted and in the interests of justice because the pending Motion to Dismiss, if granted, will dispose of every claim in this action based on a purely legal defect that appears on the face of Plaintiffs' Complaint—the parties' agreed one-year contractual limitation provision and express waiver of the discovery rule. Proceeding with discovery now would impose unnecessary burden and expense for claims that are barred as a matter of law.

Moreover, conducting discovery at this stage would contravene the orderly administration of justice as set forth in the Civil and Local Rules. In this regard, Federal Civil Rule 26(d) provides

that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Further, Local Rule 26.1 provides that "[d]iscovery must be conducted according to limitations established at the Case Management Conference and confirmed in the Case Management Plan." The parties have not yet conducted a Rule 26(f) conference, and the Court has not yet held a case management conference; thus, any discovery at this point is premature.

## II. BACKGROUND

Plaintiffs allege they entered into a Purchase Agreement with NVR on June 2, 2021 for construction of a home in North Ridgeville, Ohio, and that settlement occurred in November 2021. The Purchase Agreement sets forth a clear, prominently featured one-year contractual limitations clause providing that "any and all claims arising out of or relating to this Agreement, Settlement hereunder, or improvements to the Property, regardless of legal theory, except any claims under the Limited Warranty ('Claims'), shall be subject to a one (1) year limitation of action period and bar date." The provision further states that "all application of the so-called 'discovery rule' is mutually waived by the parties," and that "the said one (1) year period is completely reasonable in all respects."

Plaintiffs did not sue until June 23, 2025—well past the agreed bar date. Plaintiffs assert two causes of action for breach of contract and violation of Ohio's Home Construction Service Suppliers Act ("HCSSA"). Plaintiffs do not assert express warranty claims exempted from the contractual limitation. These allegations, as well as the governing contract terms, appear on the face of the Complaint and incorporated exhibits, and they are the basis of NVR's motion to dismiss.

On December 8, 2025, Plaintiffs served discovery requests. The email transmittal advised, "[b]efore you ask, no I will not grant an extension of time to respond while the motion to dismiss is pending. If you want leave on that basis, you will need to request it from the court." (Email

2

communications attached as Exhibit A.) On December 10, 2025, NVR asked Plaintiffs to "hold discovery in abeyance pending entry of a case management order after the CMC," explaining the Local Rule 26.1 framework and that the Court had not yet set a Case Management Conference. On December 11, Plaintiffs' counsel responded without agreeing to abeyance but said he would discuss with his client. On December 12, NVR again requested Plaintiffs' position, but NVR has not received a response and is forced to file this motion.

### III. LAW AND ARGUMENT

A stay of discovery is warranted for two reasons. First, Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." No such conference has been ordered by the Court or held by the parties. Rules 16(b), 26(f) and Local Rule 26.1 establishes a process for the Court to implement a discovery plan and schedule through the case management hearing. The Court has not set that process in motion. Under the applicable Rules, the discovery mechanisms should not be unilaterally implemented by Plaintiffs.

Second, NVR's pending motion to dismiss raises a purely legal issue that, if granted, will dispose of all claims and does not require any discovery. Courts in this Circuit have long recognized that "trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). They further hold that "limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Id.* (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

Here, NVR's motion to dismiss turns entirely on the parties' one-year contractual limitations clause and waiver of the discovery rule—issues that appear on the face of the pleadings

3

and incorporated exhibits. As NVR explained in its motion, the Purchase Agreement provides that "any and all claims arising out of or relating to this Agreement… shall be subject to a one (1) year limitation of action period and bar date," and that "all application of the so-called 'discovery rule' is mutually waived by the parties." (Purchase Agreement ¶ 14). Plaintiffs closed in November 2021 but did not sue until June 2025. No amount of discovery can change those dates or the plain language of the contract.

Courts routinely grant stays in precisely these circumstances. In *N. Cent. Elec. Coop. Inc. v. Linde LLC*, No. 3:16-CV-1890, 2018 WL 2738878, at *3 (N.D. Ohio June 7, 2018), the court stayed discovery because "a successful motion to dismiss could significantly alter the landscape of the claims going forward, [and] any discovery completed now may soon prove to be unnecessary." Likewise, in *Falzone v. Licastro*, No. 1:10-CV-2918, 2011 WL 13242876, at *1 (N.D. Ohio Aug. 2, 2011), the court held: "The Court finds staying discovery as against Defendant Sweet appropriate here, particularly where Sweet's pending motion presents preliminary legal issues to be resolved by looking to the face of [the] complaint alone." That is exactly the situation here.

Where courts have denied discovery stays despite a pending motion to dismiss, they generally have done so where only personal jurisdiction is contested, because "regardless of the outcome of Defendants' pending Motions to Dismiss for lack of personal jurisdiction, this case will likely proceed, if not in this Court then in another where jurisdiction lies." *See, e.g., CrossCountry Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 WL 13195209, at *2 (N.D. Ohio Oct. 8, 2019). In those cases, discovery would be reused in another forum. Here, the opposite is true: if NVR's motion is granted, the case ends, and discovery would serve no purpose.

4

For the reasons discussed in NVR's motion, Plaintiffs' claims are time-barred under the express terms of the Purchase Agreement. Discovery cannot change that outcome. A stay avoids unnecessary expense and promotes judicial economy while the Court resolves this dispositive issue.

## IV.     CONCLUSION

For the foregoing reasons, NVR respectfully requests that the Court stay discovery pending resolution of NVR's motion to dismiss.[1]

>                             Respectfully submitted,
>
>                             */s/ Ryan W. Gillespie*
>                             David D. Yeagley (0042433)
>                             Ryan W. Gillespie (0102606)
>                             **UB GREENSFELDER LLP**
>                             1660 West 2nd Street, Suite 1100
>                             Cleveland, Ohio 44113-1448
>                             (216) 583-7000
>                             (216) 583-7001 (Fax)
>                             dyeagley@ubglaw.com
>                             rgillespie@ubglaw.com
>
>                             *Attorneys for Defendant NVR, Inc.*

---

[1] For the avoidance of doubt, NVR also requests the Court enter a protective order relieving NVR of any obligation to respond to Plaintiffs' pending discovery requests at this time, if deemed necessary by the Court notwithstanding any stay that may be imposed.

**CERTIFICATE OF SERVICE**

  I certify that on December 18, 2025, a copy of *Memorandum in Support of Defendant NVR, Inc.'s Motion to Stay Discovery* was electronically filed via the Court's CM/ECF system. Notice and a copy of this filing will be sent to counsel of record for all parties via the Court's CM/ECF system.

                 */s/ Ryan W. Gillespie*
                 *One of the attorneys for Defendant NVR, Inc.*