# EXHIBIT A

# Gillespie, Ryan

| | |
|---|---|
| **From:** | Yeagley, David |
| **Sent:** | Friday, December 12, 2025 8:56 AM |
| **To:** | mike@ohiolienlawyer.com; Gillespie, Ryan |
| **Subject:** | RE: Case 1:25-cv-01454-PAB Lawrence et al. v. NVR, Inc. |

Mike, we look forward to hearing from you as soon as possible regarding the timing of discovery and NVR's motion if that is necessary. Dave

------
David D. Yeagley
Partner
UB Greensfelder LLP
D  216.583.7216
M 440.453.3588

---

**From:** mike@ohiolienlawyer.com <mike@ohiolienlawyer.com>
**Sent:** Thursday, December 11, 2025 3:04 PM
**To:** Gillespie, Ryan <rgillespie@ubglaw.com>; Yeagley, David <dyeagley@ubglaw.com>
**Subject:** RE: Case 1:25-cv-01454-PAB Lawrence et al. v. NVR, Inc.


I will discuss with my client. In the meantime, is your client interested at all in resolution/completing work pursuant to the warranty? Or is it also your position that the warranty somehow doesn't apply to my client's claims.

We both know that my client has gotten the warranty department involved before, but the warranty work performed by your client did not fix the issue, or the damages. Then once my client actually figured out the issue, your client did not attend the site visit or otherwise offer to complete the work, despite being notified of it.

Both my client and I would really like for this case to be resolved if possible, but any resolution must be fair. If we can't get it resolved, we will continue the fight in court, but I just wanted to reach out as I was frankly a little shocked that you all haven't reached out in this capacity yet.

It doesn't seem to me like this will be a good look at all for the judge or jury who eventually hears this case, but who knows.

Thanks,
Mike

---

**From:** Gillespie, Ryan <rgillespie@ubglaw.com>
**Sent:** Wednesday, December 10, 2025 12:19 PM
**To:** mike@ohiolienlawyer.com; Yeagley, David <dyeagley@ubglaw.com>
**Subject:** ***SPAM*** RE: Case 1:25-cv-01454-PAB Lawrence et al. v. NVR, Inc.

Hi Mike,

We received plaintiffs' discovery requests and noted your message that plaintiffs will not grant an extension of time. We wanted to reach out because, if necessary, NVR will file a motion to stay discovery.

As you know, the Court has not set a case management conference, which triggers the submission of a joint planning report, proposed scheduling order, and initial disclosures. Under the Federal Rules, the Court determines the scope of discovery, and this generally contemplates—if not requires—that discovery comes after the CMC. See LR 26.1 ("Discovery must be conducted according to limitations established at the Case Management Conference and confirmed in the Case Management Plan.")

To avoid burdening the Court with motion practice, please let us know if plaintiffs will agree to hold discovery in abeyance pending entry of a case management order after the CMC. NVR reserves all rights, claims, interests, and defenses.

Thank you. We look forward to hearing from you.

------
Ryan Gillespie
Associate
UB Greensfelder LLP
D  216.583.7132
M 740.506.1902

**From:** mike@ohiolienlawyer.com <mike@ohiolienlawyer.com>
**Sent:** Monday, December 8, 2025 9:42 AM
**To:** Gillespie, Ryan <rgillespie@ubglaw.com>; Yeagley, David <dyeagley@ubglaw.com>
**Subject:** RE: Case 1:25-cv-01454-PAB Lawrence et al. v. NVR, Inc.

Ryan,

Please see the attached discovery requests. And before you ask, no I will not grant an extension of time to respond while the motion to dismiss is pending. If you want leave on that basis, you will need to request it from the court.

Thanks,
Mike Fortney

**From:** Gillespie, Ryan <rgillespie@ubglaw.com>
**Sent:** Tuesday, September 16, 2025 4:45 PM
**To:** mike@ohiolienlawyer.com; Yeagley, David <dyeagley@ubglaw.com>
**Subject:** ***SPAM*** RE: Case 1:25-cv-01454-PAB Lawrence et al. v. NVR, Inc.

Hi Mike,

The limited warranty referenced in our brief is part of the Homeowners Manual, which is routinely provided to homeowners and acknowledged in the Purchase Agreement. At this time, we do not have a copy of the Manual in our possession.

While we believe this request falls outside the scope of the pleadings and is not properly addressed in the context of a Rule 12 motion, we are willing to provide a copy voluntarily once we receive it from our client.

Best,
Ryan

------
Ryan Gillespie
Associate
UB Greensfelder LLP
D  216.583.7132
M 740.506.1902

**From:** mike@ohiolienlawyer.com <mike@ohiolienlawyer.com>
**Sent:** Tuesday, September 16, 2025 3:45 PM
**To:** Yeagley, David <dyeagley@ubglaw.com>
**Cc:** Gillespie, Ryan <rgillespie@ubglaw.com>
**Subject:** Case 1:25-cv-01454-PAB Lawrence et al. v. NVR, Inc.

Good afternoon,

Can you guys send me a copy of the limited warranty referenced in your brief? I asked my clients if they had a copy, and they said they did not.

Thanks,
Mike Fortney



300 Weatherstone Dr. #303, Wadsworth, OH 44281
330.619.8502 – mike@ohiolienlawyer.com

3