IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **William Lawrence, et al.** | Case No. 1:25CV01454 |
| **Plaintiffs,** | |
| | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | |
| **NVR, Inc.,** | **ORDER** |
| **Defendant.** | |

Currently pending is Defendant NVR, Inc.'s Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 6.) Plaintiffs William and Victoria Lawrence filed their Response in Opposition on September 18, 2025, to which Defendant replied on October 1, 2025. (Doc. Nos. 8, 9.) In order to assist this Court in resolving Defendant's Motion, this Court orders the parties to submit supplemental briefing as set forth below.

In their Brief in Opposition, Plaintiffs argue (among other things) that the one-year limitation clause contained in Paragraph 14 of the parties' Contract "is against public policy, as it acts as an unlawful and unenforceable waiver of the duty to build in a workmanlike manner, by unreasonably limiting claims under the HCSSA based on latent defects." (Doc. No. 8 at PageID# 134.) While Plaintiffs assert that this public policy issue is "extremely important in this case," (*id*. at PageID# 130), they fail to cite any authority in support of their argument that the one-year limitation clause herein is void as against public policy. Specifically, Plaintiffs fail to recite any law, generally, regarding the circumstances under which a contractual provision may be found void as against public policy under Ohio law. Nor do Plaintiffs direct this Court's attention to any authority in which courts have directly considered whether limitations clauses in residential construction agreements are void as against public policy, in light of provisions of the HCSSA that

(1) require suppliers to perform home construction services in a workmanlike manner, and/or (2) prohibit making the performance of such home construction services contingent upon an owner's waiver of any rights under the HCSSA.

And, while Defendant maintains that the district court in *Amos v. NVR, Inc.*, 2022 WL 908676 (S.D. Ohio March 31, 2022) "has already rejected the very public policy argument Plaintiffs advance here," (Doc. No. 9 at PageID# 141), the Court disagrees.  In fact, in *Amos*, the court distinguished the two insurance cases cited by the plaintiff therein by stating that "[i]n contrast, this case deals with a home construction contract and **the briefs do not address why its enforcement does or does not comport with public policy.**" *Amos*, 2022 WL 980676 at *5 (emphasis added).

In sum, the Court requires supplemental briefing to fully evaluate Plaintiffs' argument that the one-year limitations clause at issue is void as against public policy under Ohio law.  The Court therefore ORDERS that, by no later than seven (7) days from the date of this Order, Plaintiffs shall file a Supplemental Brief that more fully addresses the public policy argument set forth in their Brief in Opposition.  Plaintiffs' Supplemental Brief shall be no more than ten (10) pages in length and shall include citation to, and discussion of, relevant authority on this issue.  Defendant may file a responsive Supplemental Brief (also no more than ten (10) pages in length) by no later than seven (7) days after Plaintiffs file their Supplemental Brief.  Lastly, the Court orders that the parties' supplemental briefing shall be limited solely to the public policy issue raised in Plaintiffs' Brief in Opposition and may not raise or address any other issues not specifically described herein.

**IT IS SO ORDERED.**

                                               *s/Pamela A. Barker*
                                              PAMELA A. BARKER
Date:  February 4, 2026                     U.S. DISTRICT JUDGE