### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM LAWRENCE, et al. | CASE NO. 1:25-cv-01454-PAB |
| Plaintiffs, | JUDGE PAMELA A. BARKER |
| vs. | |
| NVR, INC. | **PLAINTIFFS' SUPPLEMENTAL BRIEFING ON PUBLIC POLICY ISSUE** |
| Defendant | |

Ohio has a long and established public policy of protecting consumers, including purchasers of new construction homes such as Plaintiffs. In essence, there are at least three different statutes (i.e. public policy) that are relevant to this case, and taken together they show that Ohio's public policy would not favor dismissal of this case due to a contractual limitations clause such as the one provided by Defendant.

**I.  Ohio's Home Construction Service Suppliers Act and Ohio's Consumer Sales Practices Act have long protected consumer purchasers of home construction.**

It should be noted that prior to August 31, 2012, the Home Construction Service Suppliers Act did not exist, but this did not mean that consumers of home construction were left unprotected by Ohio's laws and public policies. Instead, purchasers of home construction (such as Plaintiffs) were protected by Ohio's Consumer Sales Practices Act, R.C. 1345.

After August 31, 2012, contracts for home construction in excess of $25,000 were no longer covered by the CSPA, and now instead fell under the purview of the HCSSA. But again, this did not mean that these consumers were unprotected. If anything, the legislature imposed more restrictions on home construction service suppliers such as Defendant, while simultaneously limiting the possibility of treble damages for suppliers like Defendant.

Taken together, these acts show that Ohio has a long history of protecting consumer purchasers of home construction, or that Ohio public policy is in favor of protecting consumers who purchase new construction homes.

**II.      Ohio public policy intends to lengthen the amount of time for owners of new construction homes to discover latent defects, not limit that time.**

Ohio's statute of repose allows claims for latent and undiscovered defects in new construction homes to be brought, even if discovered after the applicable (four year in this case) statute of limitations expires, so long as the defect is discovered within ten years from the date of substantial completion. R.C. 2305.131(A)(1). This is another public policy in Ohio that favors consumers such as Plaintiffs.

Notably, this public policy also underscores how *unreasonable* the contractual limitations period in question is. Plaintiffs cited both the *Conte* and *Holland Excavating* cases in their prior brief for the cases' support of the idea that limitation periods that expire before the discovery of defects are not limitations periods, but instead nullification of claims. Ohio's statute of repose is a public policy that supports this idea. Thus, this Court should determine that the contractual limitations period in question, since it relates to new home construction where latent defects are not only possible, but also recognized by Ohio's legislature and public policy as being possible, is unreasonable.

The statute of repose says, in essence, that the legislature knows that a valid statute of limitations exists, but *notwithstanding* that statute of limitations, with respect to new construction (such as the new construction in this case), the legislature will increase the statute of limitations as it relates to defects that could not have been discovered within the statute of limitations. Thus Ohio's public policy not only rejects the idea that a contractual limitations clause should be allowed to limit the time to bring a suit for a latent defect, the public policy also rejects Defendant's

2

attempts to get Plaintiffs to waive the "discovery rule," by acknowledging that some discovery of latent defects simply is not possible within a four year period and may take up to ten years to discover. Thus, the Southern District's reliance on the *Heimeshoff* case is misplaced, as that case dealt with civil actions under U.S.C. § 502(a)(1)(B), not latent defects in a new construction home. Instead, cases dealing with latent defects should not have limitations imposed on them except the statute of repose, as is Ohio's public policy.

The statute of repose makes sense in cases of construction, where many items are hidden from view and may not be discovered for quite some time after moving in. For this reason, each of the cases brought to the Court by Defendant are distinguishable, because none of those cases involve a possibility of latent defects, so contractual limitations clauses make sense in those situations. In the case of a breach of contract, it makes sense to allow a limitation clause, because the statute of limitations for a breach of contract case is lengthy, but often the contract itself is completed in a small timeframe, with no possibility of additional breaches. The same is true for auto insurance accidents, commercial dealer agreements, or punch list work known to both parties (all cases cited on page 2 of Plaintiffs' earlier brief).

But contractual limitations do not make sense in the context of new construction. The Ohio legislature recognized that latent defects may not rear their head for some time after construction, so it created the statute of repose, a sort of middle ground to (a) extend the timeframe for homeowners to bring claims, and (b) give an actual last date that homeowners can discover and bring claims under the law, so that home builders can have real closure to projects.

Viewing the law in that way, it is clear that Ohio has a public policy that is in favor of *increasing*, rather than decreasing, the amount of time that homeowners have to bring claims for

latent defects related to new construction. Thus, attempts like this, to decrease the time for homeowners to discover and sue for defects, are against Ohio's public policy.

**III.     Allowing a limitation on the time to find latent defects violates Ohio public policy.**

Ohio's statute of repose relates directly to Ohio's implied duty to build in a workmanlike manner. Ohio's General Assembly first enacted R.C. 2305.131 (Ohio's statute of repose) in 1963. Am.S.B. No. 112, 130 Ohio Laws, Part I, 648. Ohio courts have imposed a duty on contractors to build homes in a workmanlike manner since at least 1966. *Mitchem v. Johnson*, 7 Ohio St.2d 66, 218 N.E.2d 594 (1966). Thus, it has been the public policy of Ohio, for 60 years, that contractors have a duty to build in a workmanlike manner, and that purchasers of new construction have a right to sue for latent defects at least ten years (though originally the statute of repose was longer) from the date of substantial completion.

The contractual limitations clause in this case directly contradicts this established public policy. Despite cases like *Mitchem* and *Jones v. Centex Homes* stating that the duty to build in a workmanlike manner cannot be waived, and despite the statute of repose affording protections to homeowners purchasing new homes, Defendant's limitations clause seeks to put a stop to both of those protections. This goes back to the cases cited by Plaintiffs in their response brief. "A 'limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim." *Conte v. Blossom Homes, LLC*, 2016-Ohio-7480, 63 N.E. 3d 1245 (Eighth App. Dist. No. 103751), ¶ 40, citing *Executive Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 5 N.E.3d 989, ¶ 4, 2014 NY Slip Op 898 (2014), citing *Continental Leather Co. v. Liverpool*, Brazil & River Plate Steam Navigation Co., 259 N.Y. 621, 622-623, 182 N.E. 207 (1932). As stated by another court examining the *Conte* and *Executive Plaza* cases, "[a] contract can reasonably reduce the time period to file a claim; it cannot eliminate it." *Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 349 (N.D.Ind.2021).

4

Here, the limitations clause seeks to eliminate both the duty to build in a workmanlike manner as well as the protections afforded by the statute of repose. Allowing a simple limitations clause to eliminate or nullify potential claims of Plaintiffs is a violation of public policy.

**IV.    Eliminating the duty to build in a workmanlike manner nullifies protections of the Home Construction Service Suppliers Act, another violation of Ohio's public policy.**

The limitations clause's attempts to limit Defendant's obligation to build in a workmanlike manner cut against another Ohio public policy, the duty to build in a workmanlike manner set out in Ohio's Home Construction Service Suppliers Act. R.C. 4722.03(A)(3)(d). Like the CSPA before it, the HCSSA states that it is a violation of the act to "make the performance of any home construction service contingent upon an owner's waiver of any rights this chapter provides." R.C. 4722.03(A)(4).

The public policy violation here, as it relates to the limitations clause, is that latent defects often are not discoverable within one year of living in a home. Defendant asserts that the limitations clause should be allowed to stand because even without the ability to bring claims after one year, Plaintiffs can still assert claims under the limited warranty. But this argument circumvents and avoids the public policy argument related to the HCSSA. If the limitations clause is allowed to stand, then Defendant is allowed to shave *nine years* off its duty to build in a workmanlike manner (nine years now, but if this case stands then Defendant will no doubt work to shrink its limitations clause further, using this case as precedent to do so).

The clear intent behind Defendant's limitations clause is to limit liability under the HCSSA and the statute of repose. The HCSSA is another clear public policy related to Defendant's duty to build in a workmanlike manner. The Ohio Supreme Court says that the duty to build in a workmanlike manner cannot be waived. The HCSSA says that the duty to build in a workmanlike manner cannot be waived. The statute of repose says that purchasers of new home construction

5

such as Plaintiffs can bring claims for undiscovered defects (caused by a failure to build in a workmanlike manner) within ten years of the date of substantial completion. The public policy attempting to hold builders such as Defendant accountable is everywhere. Allowing the limitations clause to stand would essentially negate the Ohio legislature (twice) and the Ohio Supreme Court, in an effort to limit a very real latent defect claim.

**V.     Conclusion.**

As stated above and previously, Defendant's one-year limitation clause is an unreasonable violation of Ohio public policy. It is unreasonable because many latent defects claims cannot accrue before the one-year time period runs. It is also unreasonable because it contradicts Ohio's public policy of protecting consumers, including purchasers of new home construction, from latent defects that cannot be discovered within the applicable statute of limitations (let alone the unreasonable one-year contractual limitations period in this case). Ohio's statute of repose, Ohio's Supreme Court, and Ohio's home construction service suppliers act all say that the duty to build in a workmanlike manner, a duty that was violated in this case by Defendant, ***cannot be waived***. The contractual limitations clause in question in this case seeks to do just that, by limiting the time for discovery of latent defects, which then eliminates Defendant's liability at the expense of Plaintiffs. This is a violation of Ohio public policy, and the limitations clause should not be allowed to stand.

Respectfully submitted,

*/s/Michael R. Fortney*
Michael R. Fortney (#0092325)
FORTNEY LAW, LLC
300 Weatherstone Dr. #303
Wadsworth, OH 44281
(330) 619-8502
mike@ohiolienlawyer.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2026, a copy of the foregoing was submitted for electronic filing. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Clerk of Courts' E-Filing System.

<i>/s/Michael R. Fortney</i><br>
Michael R. Fortney #0092325