UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE, et al. | ) | |
| | ) | CASE NO.: 1:25-cv-01454-PAB |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| NVR, INC. | ) | |
| | ) | DEFENDANT NVR, INC.'S |
| | ) | SUPPLEMENTAL BRIEF ON PUBLIC |
| | ) | POLICY IN SUPPORT OF NVR'S |
| Defendant. | ) | MOTION TO DISMISS PLAINTIFFS' |
| | ) | COMPLAINT |

**I.   PRELIMINARY STATEMENT**

Defendant NVR, Inc. filed a Motion to Dismiss the Complaint of Plaintiffs William and Victoria Lawrence (ECF 6), which argued Plaintiffs' claims are time-barred under a valid and enforceable one-year limitations provision in the Purchase Agreement. Plaintiffs filed an Opposition to NVR's Motion (ECF 8), and NVR submitted its Reply (ECF 9). By Order dated February 5, 2026 (ECF 12), the Court requested supplemental briefing "to fully evaluate Plaintiffs' argument that the one-year limitations clause at issue is void as against public policy under Ohio law," noting Plaintiffs' Opposition brief "fail[ed] to cite any authority in support of their argument that the one-year limitation clause herein is void as against public policy." *See* Order at 1. In accordance with the Court's instruction, Plaintiffs filed their supplemental brief first. (ECF 12). NVR's supplemental brief follows.

Plaintiffs' supplemental brief still identifies no Ohio statute or court decision supporting their contention that a limitations provision in a residential construction contract is void as against public policy. Instead, Plaintiffs' position rests on conclusory assertions of a novel and expansive policy of purported "consumer protection" that would override settled principles of Ohio law.

Ohio law begins with the deep-seated principle that parties are free to structure their private contractual relationships. In recognition of this principle of freedom of contract, courts may decline to enforce contractual terms only where the legislature has expressed a strong public policy to the contrary. Plaintiffs invoke the Home Construction Service Suppliers Act (HCSSA) and the construction statute of repose, but those statutory regimes do not apply to this particular issue. While the HCSSA prohibits a contractual waiver of rights provided under the Act, the contractual limitations provision in the Purchase Agreement is not a waiver, and the HCSSA does not address a limitation of time to bring a claim to enforce those rights. Similarly, the statute of repose protects against long-tail tort-style claims arising from defective and unsafe conditions, but it does not expand homeowners' substantive rights or limit the parties' right to set the time for bringing claims as a matter of contract. Finally, Plaintiffs reference the Ohio Consumer Sales Practices Act but acknowledge it does not apply.

Nothing in these statutes, or in Ohio case law, supports Plaintiffs' argument that the one-year limitations period, which applies to claims (as here) brought outside the Limited Warranty, is barred by Ohio public policy. This Court should decline to effectively re-write Ohio statutes under the pretext of a new and expansive "public policy." Because Plaintiffs point to no authority indicating that the legislature intended to prohibit such provisions, and because Ohio law treats reasonable contractual limitations periods as enforceable, the one-year limitations period in Paragraph 14 of the parties' contract is valid and enforceable. Accordingly, this Court should enforce the parties' Purchase Agreement as written and dismiss the Complaint.

## II. LAW AND ARGUMENT

### A. Ohio courts strongly favor enforcing contractual terms, and Ohio's public-policy exception is narrowly applied.

The Ohio Supreme Court has explained that the "freedom to contract is a deep-seated right that is given deference by the courts." *Cincinnati City Sch. Dist. Bd. of Educ. v. Conners*, 974 N.E.2d 78, 82–83 (Ohio 2012) (stating that the public-policy exception must be applied cautiously and only when a contract term accomplishes a result the state has sought to prevent). The General Assembly is the "ultimate arbiter of public policy," and the judiciary's task is to determine when the legislature has unmistakably expressed a policy that renders a term unenforceable. *Id.* at 83.

Consistent with that separation of roles, Ohio courts caution that "[t]he power of courts to declare a contract void as being against public policy is a delicate and undefined one, and […] should be exercised only in cases free from doubt." *Rainy Day Rentals, Inc. v. Next Generation Props., Inc.*, 198 N.E.3d 163, 168 (Ohio Ct. App. 2022). *See also Bohlen v. Anadarko E & P Onshore, LLC*, 26 N.E.3d 1176, 1181 (Ohio Ct. App. 2014) (emphasizing that the exception must be narrowly construed because the General Assembly sets public policy). Thus, any exception "must be narrowly construed," and a court may deem a contractual provision unenforceable only if the legislature has clearly sought to prevent the result accomplished by that provision. *Conners*, 974 N.E.2d at 83; *Bohlen*, 26 N.E.3d at 1181.

In short, Plaintiffs identify no statute or case law expressly declaring that a residential construction contract cannot contain a one-year limitations period for claims other than under the Limited Warranty. That omission is dispositive under *Conners*.

**B. Ohio law recognizes and enforces reasonable contractual limitations periods—including the one-year period at issue—and Plaintiffs identify no contrary Ohio authority.**

Ohio adheres to the general rule that parties may, in the absence of a contrary statute, agree to a limitations period shorter than the statute of limitations otherwise provides. The Ohio Supreme Court stated the principle succinctly in *Barbee v. Nationwide Mut. Ins. Co.*: "the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." *Barbee v. Nationwide Mut. Ins. Co.*, 955 N.E.2d 995, 100 (Ohio 2011) (affirming enforceability of shortened period). Consistent with *Barbee*, courts applying Ohio law routinely enforce one-year limitations clauses. *Figetakis v. Owners Ins. Co.*, No. 22874, 2006 WL 475271, at *3 (Ohio Ct. App. Feb. 28, 2006) (holding one-year contractual limitation was reasonable and not contrary to public policy); *Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1154 (11th Cir. 2018) ("Ohio law strongly supports the conclusion that a one-year limitation period is not inherently unreasonable.").

Ohio's statutory framework also reflects the legislature's view that a one-year period is reasonable in the residential-construction setting. Under Ohio Rev. Code § 5311.25(E), condominium developers must provide purchasers with a one-year general warranty covering the repair or replacement of structural, mechanical, and other building elements caused by defects in materials or workmanship. Although this requirement applies specifically to condominiums, it demonstrates that the General Assembly has recognized that a one-year window is an appropriate period within which construction-related issues may arise and be addressed. The parties' decision here to adopt a one-year limitations period for non-warranty claims aligns with that statutory judgment and further confirms that such a period is not contrary to Ohio public policy.

4

Courts addressing similar one-year contractual limitations provisions in residential-construction agreements have provided useful guidance on the issues raised here. In *Amos v. NVR, Inc.*, the Southern District of Ohio enforced the same one-year clause at issue here and, in rejecting a nearly identical HCSSA-based waiver theory, concluded that the provision "is not a waiver; it's a limitation." *Amos v. NVR*, Inc., No. 1:19-cv-719, 2022 WL 980676, at *4 (S.D. Ohio Mar. 31, 2022). Although the *Amos* Court noted that the parties had not fully briefed broader public-policy issues, its reasoning on the distinction between a waiver and a limitations period directly undermines Plaintiffs' argument. Decisions from other jurisdictions addressing NVR's clause, while not applying Ohio law, further illustrate that courts routinely treat such provisions as enforceable. *See, e.g., Daniels v. NVR, Inc.*, 56 F. Supp. 3d 737, 744 (D. Md. 2014) (applying Maryland law and finding "no basis" to deem NVR's one-year limitation void as against Maryland public policy).

Plaintiffs cite no Ohio authority holding that a contractual limitations clause in a home construction agreement violates public policy. Plaintiffs' conspicuous inability to cite authority (as the Court requested) reflects that Ohio courts have not adopted the expansive public policy they urge, particularly in an area where courts proceed cautiously and defer to the parties' contractual choices. This Court should decline to devise novel public policy that infringes well-established principles of contract law.

**C. The HCSSA's anti-waiver provision does not prohibit reasonable limitations periods, and a limitations period is not a waiver of the workmanlike-manner duty.**

Plaintiffs' reliance on the HCSSA misapprehends both the statute and the nature of a limitations clause. The HCSSA provides that it is an unlawful practice to "make the performance of any home construction service contingent upon an owner's waiver of any rights this chapter provides." Ohio Rev. Code § 4722.03(A)(4). A negotiated time limit within which to file suit is

5

not a "waiver" of rights; it is a procedural regulation of when those rights must be exercised. As *Amos* explained, "the Limitations Clause did not actually result in their waiver of the right to sue under the HCSSA. They had that right for the first year after closing … Simply, the Limitations Clause is not a waiver; it's a limitation." *Amos*, 2022 WL 980676, at *4; *see also Daniels*, 56 F. Supp. 3d at 742-43 (rejecting argument that a one-year contractual limitations period impermissibly "modified" the implied warranty of workmanlike construction afforded by Maryland statute).

Ohio law likewise distinguishes between disclaiming a substantive duty—which could run afoul of a no-waiver rule—and agreeing upon a reasonable time to bring claims alleging breach of that duty. "Waiver" is "the voluntary relinquishment of a known right." *State ex rel. Wallace v. State Med. Bd. of Ohio*, 732 N.E.2d 960, 965 (Ohio 2000). The one-year limitations clause does not relinquish the workmanlike-manner duty. That both parties agreed to a one-year period—and Plaintiffs expressly acknowledged it was "completely reasonable in all respects"—only underscores that this is not an impermissible waiver. *See Barbee*, 955 N.E.2d at 100 (recognizing enforceability of shortened contractual limitations).

Plaintiffs' argument that a limitations period constitutes a prohibited "waiver" under Ohio Rev. Code § 4722.03(A)(4) attempts to rewrite the statute by transforming a time restriction into a substantive waiver. But the legislature chose its words with precision: it prohibited ***waivers*** of HCSSA rights—not agreed-upon limitations periods. Had the General Assembly intended to forbid time limitations altogether, it would have said so expressly. The legislature's decision to bar only waivers—and to say nothing about limitations—demonstrates exactly the opposite of Plaintiffs' position. The absence of any statutory prohibition on contractual limitations confirms

6

that the one-year period is not only permissible, but fully consistent with Ohio's longstanding public policy favoring freedom of contract.

> **D. The construction statute of repose does not express a public policy forbidding contractual limitations periods.**

Plaintiffs' reliance on Ohio's construction statute of repose is misplaced because the statute is unrelated to the contractual-limitations issue before this Court. The statute of repose cannot be read to expand the time for homeowners to sue for construction defects or to create any substantive right to bring such claims. *See* Ohio Rev. Code § 2305.131(E) ("This section does not create a new cause of action or substantive legal right against any person resulting from the design, planning, supervision of construction, or construction of an improvement to real property."). Rather, the statute exists to shield builders, subcontractors, and design professionals from indefinite liability, including to injured third-parties, for "a defective and unsafe condition of an improvement to real property." Ohio Rev. Code § 2305.131(A)(1).

The statute of repose serves primarily as a protective statute for the construction industry, ensuring that contractors and design professionals are not haled into court decades after completing a project. *Bd. of Educ. of Martins Ferry City Sch. Dist. v. Colaianni Constr., Inc.*, 219 N.E.3d 1021, 1029–30 (Ohio Ct. App. 2023) (noting that "the legislature . . . concluded that it is an unacceptable burden to require the maintenance of records and documentation for more than ten years following the completion of a real estate project" and that the statute of repose is "intended to preclude the pitfalls of stale litigation"). The statute does not create homeowner rights, extend homeowners' time to sue, or regulate contractual accrual or limitation provisions in construction contracts.

Equally important, the statute of repose is a procedural outside limit, not (as Plaintiffs argue) a minimum guaranteed window within which suit must be allowed. Nothing in § 2305.131

prohibits parties from agreeing to a shorter limitations period for claims, nor does it contain any language suggesting the legislature sought to bar or invalidate contractual limitations in the context of new construction. A contractual provision may be void on public-policy grounds only if it "accomplishes a result the state has sought to prevent." *See Conners*, 974 N.E.2d at 84–85. Nothing in § 2305.131 suggests the General Assembly sought to prevent parties to a residential construction agreement from agreeing to a one-year limitations period. The repose period finally and absolutely terminates a narrow class of tort-style claims after ten years against construction entities. It does not mandate as public policy that all construction-related claims involving so-called latent defects remain viable for ten years, notwithstanding a contractual provision to the contrary.

Plaintiffs' attempt to convert the repose statute into a generalized policy of "lengthening" limitations for latent-defect claims contradicts the statute's text and purpose. Plaintiffs argue that "cases dealing with latent defects should not have limitations imposed on them except the statute of repose, as is Ohio's public policy." *See* Pls.' Suppl. Br. on Public Policy Issue 3, ECF No. 13. To the contrary, no such statute, principle of law, or public policy exists in Ohio. It is not the province of this Court to formulate new law or policy that would upend settled legal principles and precedent.

In short, § 2305.131 is a shield, not a sword. It protects builders from indefinite exposure to tort-style claims. Under *Conners*, public policy must come from the legislature's words. Here, the legislature did not create new substantive rights and did not mandate a ten-year statute of limitations for construction-related claims. Plaintiffs cannot invoke the statute of repose as a basis to invalidate the facially reasonable one-year limitations clause. This Court should not effectively re-write the statute of repose under the pretext of public policy.

8

### III. CONCLUSION

Plaintiffs have not met their burden to identify a recognized public policy that bars the one-year limitations provision. Accordingly, NVR respectfully urges this Court to uphold and enforce the Purchase Agreement as written and dismiss Plaintiffs' Complaint.

Respectfully submitted,

*/s/ Ryan W. Gillespie*
David D. Yeagley (0042433)
Ryan W. Gillespie (0102606)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
dyeagley@ubglaw.com
rgillespie@ubglaw.com

*Attorneys for Defendant NVR, Inc.*

9

## CERTIFICATE OF SERVICE

I certify that on February 19, 2026, a copy of *Defendant NVR, Inc.'s Supplemental Brief on Public Policy Issue in Support of NVR's Motion to Dismiss Plaintiffs' Complaint* was electronically filed via the Court's CM/ECF system.  Notice and a copy of this filing will be sent to counsel of record for all parties via the Court's CM/ECF system.

*/s/ Ryan W. Gillespie*
*One of the attorneys for Defendant NVR, Inc.*
